Clinton Don **MANUEL**, Appellant,

v.

The **STATE** of Texas, State.

Nos. 2–97–470–CR, 2–97–471–CR.

Court of Appeals of Texas,
Fort Worth.

July 16, 1998.

Discretionary Review Granted
Nov. 18, 1998.

Earl R. Waddell, III, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Steven W. Conder, Andy Platt, Asst. Dist. Attys., Fort Worth, for Appellee.

Before DAUPHINOT, RICHARDS, and HOLMAN, JJ.

## OPINION

RICHARDS, Justice.

### Introduction

In two related cases, appellant Clinton Don Manuel appeals (1) the trial court's decision to proceed to adjudicate his guilt for indecency with a child and (2) his conviction for aggravated assault with a deadly weapon. Appellant challenges the factual sufficiency of the evidence to support the trial court's rejection of his self-defense theory regarding his conviction for aggravated assault with a deadly weapon (appellate cause number 97–470–CR) and the legal sufficiency of the evidence to support his conviction for indecency with a child (appellate cause number 97–471–CR). Because we are without jurisdiction to hear appellant's appeal of his conviction for indecency with a child, and because we conclude that the evidence is factually sufficient to support the trial court's rejection of appellant's self-defense theory, we dismiss for want of jurisdiction appellant's appeal under appellate cause number 97–471–CR and affirm the judgment under appellate cause number 97–470–CR.

### Procedural History

On October 27, 1993, appellant pleaded guilty to indecency with a child as part of a plea bargain agreement (cause number 97–471–CR). Pursuant to the plea agreement, the trial court deferred adjudication of appellant's guilt and placed him on community supervision for three years. On September 11, 1996, the State moved to adjudicate appellant's guilt alleging that appellant had violated his community supervision by committing the offenses of attempted murder and aggravated assault with a deadly weapon (cause number 97–470–CR). At the adjudication proceeding, the trial court found "true" appellant's commission of aggravated assault and sentenced him to sixteen years' confinement to run concurrently with twenty years' confinement for the offense of indecency with a child.

## Cause Number 97–471–CR

In two points, appellant complains that the written plea forms that he signed do not contain sufficient evidence to support a felony conviction under article 1.15 of the Texas Code of Criminal Procedure. Accordingly, appellant argues that his conviction violated the due course of law provision of Article I, section 19 of the Texas Constitution.

Appellant's complaint arises from his conviction and punishment, not the revocation of his community supervision. Therefore, he was required to appeal within 30 days after he was placed on community supervision in September 1993. *See* Tex.R.App. P. 26.2(a)(1) (where no motion for new trial is filed, defendant must appeal within 30 days after sentence is imposed or suspended); Tex.Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp.1998) (defendant's right to appeal conviction and punishment accrues when defendant is placed on community supervision).

██ Because appellant did not appeal his conviction and sentence until after his community supervision was revoked, his appeal is untimely. Insofar as the appeal relates to the original cause in which appellant received deferred adjudication community supervision, we dismiss the appeal for want of jurisdiction.

## Cause Number 97–470–CR

### Summary of Facts

Robert Pryor, the complainant, testified that sometime prior to August 18, 1996, he sold appellant three tires for seventy-five dollars. Pryor stated that on the afternoon of August 18, because of appellant's unhappiness over the tire transaction, appellant stared at him in a strange manner and made threatening motions toward him. Later that night, as Pryor walked toward his apartment, he heard someone behind him. He turned and saw appellant, who then stabbed him in the chest and ran towards the stairs. Pryor could not identify the object used to inflict the wound, although he knew it was sharp.

Police Officer Michael Treppa recovered a bloody knife from appellant at the time of his arrest. Appellant told Treppa that he knew why the police officers had come to his apartment. [RR 58] Appellant admitted having stabbed Pryor but contended that he acted in self-defense, stating that Pryor had "tried to buck him," and that he then "stuck him." Pryor's nephew, Lonnie Burts, also testified. He was in jail on August 21, 1996 for traffic tickets. Appellant was also in jail at that time, and Burts heard him bragging to other inmates that he had stabbed Pryor in an attempt to kill him.

Appellant later testified on his own behalf and denied having bragged about trying to kill Pryor. Appellant stated that he and Pryor began exchanging words and taunting each other after the tire sale. Appellant testified that on the night of the stabbing, both he and Pryor returned home at around 2:00 a.m. According to appellant, the two men began cussing and arguing, and Pryor followed him upstairs. Appellant claimed that Pryor grabbed him by the throat and choked him. Thinking that Pryor was going to kill him, appellant then pulled a knife from his pocket and stabbed Pryor in the stomach. Pryor then ran downstairs, and the police arrived about fifteen minutes later.

Deshazo Walker, appellant's neighbor, testified that on August 18, 1996, while he was watching the news, he heard two men arguing and cussing outside his apartment. He recognized one voice as appellant's but could not identify the other voice. Walker heard a door slam, and the arguing continued for about ten minutes. Approximately ten minutes after the noise stopped, Walker heard a loud knock on appellant's door and saw the police drag him away. Walker further testified that he saw blood on the ground and on the wall downstairs near Pryor's apartment, but that he did not see any blood anywhere upstairs.

██ After considering all the testimony and evidence presented including the presence of blood in and around Pryor's apartment but not upstairs near appellant's apartment, the size and build of both appellant and Pryor, and the location of Pryor's stab wounds, the trial court rejected appellant's claim of self-defense and found him guilty of aggravated assault with a deadly weapon.

### Factual Sufficiency of the Evidence

 In one point, appellant contends the evidence is factually insufficient to support the trial court's rejection of his claim of self-defense. A person is justified in using force against another when and to the degree he reasonably believes such force is immediately necessary to protect himself against the other's use or attempted use of unlawful force. *See* TEX. PENAL CODE ANN. § 9.31(a) (Vernon 1994). When the issue of self-defense is raised, the State has the burden of persuasion to disprove self-defense. *See Saxton v. State*, 804 S.W.2d 910, 913 (Tex.Crim.App. 1991).

This is not a burden of production requiring the State to produce evidence refuting the self-defense claim; rather, this burden requires the State to prove its case beyond a reasonable doubt. *See id.* The question then is whether the State proved beyond a reasonable doubt the offense of aggravated assault with a deadly weapon. A person commits this offense if he intentionally, knowingly, or recklessly causes bodily injury to another and uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 1994).

This court has the authority to review fact questions in criminal cases. *See Clewis v. State*, 922 S.W.2d 126, 129–30 (Tex. Crim.App.1996). In reviewing the factual sufficiency of the evidence to support a conviction, we are to view "all the evidence without the prism of 'in the light most favorable to the prosecution.'" *Id.* at 129 (citing *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd, untimely filed)). We may only set aside the judgment if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See id.* In performing this review, we are to give "appropriate deference" to the fact finder. *Id.* at 136. Because self-defense is a fact issue to be determined by the fact-finder, the credibility of the evidence of self-defense lies solely within the fact-finder's province, and it is free to accept or reject the testimony of any witness. *See Saxton*, 804 S.W.2d at 913–14.

Upon reviewing the entire record, as detailed above, we cannot say the trial court's rejection of the self-defense theory is so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. *See Clewis*, 922 S.W.2d at 129; *Peoples v. State*, 928 S.W.2d 112, 118 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). We conclude that factually sufficient evidence exists to establish beyond a reasonable doubt that appellant did not stab Pryor in self-defense. Accordingly, we overrule appellant's sole point under cause number 97–470–CR.

### Conclusion

We dismiss for want of jurisdiction appellant's appeal under cause number 97–471–CR. Having overruled appellant's sole point under cause number 97–470–CR, we affirm the judgment of the trial court.