COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-265-CR

 

 

AARON CLARK WHAM                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Aaron Clark Wham appeals from the trial court=s order
revoking his community supervision.  He
attacks the legal and factual sufficiency of the evidence to show that he
assaulted his wife and argues that the trial court abused its discretion by
revoking his community supervision.  We
determine that a preponderance of the evidence supports the trial court=s ruling
and that the trial court did not abuse its discretion.  We affirm.

In his
first two points of error, Appellant attacks the legal and factual sufficiency
of the evidence to support the order of revocation.  Such attacks are not appropriate for this
review.  Rather, we must determine
whether a preponderance of the evidence supports the trial court=s
decision.  Rickels v. State, 202
S.W.3d 759, 763B64 (Tex. Crim. App. 2006).  The State alleged that Appellant violated the
terms of his community supervision by failing to begin or complete his forty
hours of community service and by committing the criminal offense of assault of
his wife.








We
review an order revoking community supervision under an abuse of discretion
standard.  Id. at 763; Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Cherry v. State,
215 S.W.3d 917, 919 (Tex. App.CFort
Worth 2007, pet. ref=d).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Cherry,
215 S.W.3d at 919.  The trial court is
the sole judge of the credibility of the witnesses and the weight to be given
their testimony, and we review the evidence in the light most favorable to the
trial court=s ruling.  Cardona, 665 S.W.2d at 493; Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); Cherry,
215 S.W.3d at 919.  If the State fails to
meet its burden of proof, the trial court abuses its discretion in revoking the
community supervision.  Cardona,
665 S.W.2d at 493B94.

Regarding
completion of his hours of community service, Appellant=s probation
officer testified that Appellant had not completed any hours of his community
service.  This evidence was not
contradicted.  Thus, we find that a
preponderance of the evidence supports the trial court=s
finding that Appellant failed to complete his community service.  Proof of a violation of a condition of
community supervision is sufficient to support the trial court=s order
of revocation.  Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

Appellant
does challenge the evidence supporting the trial court=s
finding that he violated his community supervision by committing a new criminal
offense of physical assault on his wife causing bodily injury.  Essentially, Appellant started drinking in
the afternoon of New Year=s Eve 2008.  He went to a neighbor=s
residence where he continued drinking.








Appellant
returned home New Year=s Day between 2:00 and 2:30
a.m., drunk and stumbling.  He argued
with his wife, started yelling at his wife, and then Ahead-butted@
her.  After a further struggle she went
to the hospital where she received seven stitches above her eye.  There, and later at the police station, she
gave statements to the police.

Appellant
said that when he got home in the morning, he and his wife argued, that she
then grabbed his throat, and that he Ahead-butted@ her to
get her to let go.  Responding to
Appellant=s claim of self-defense, the
trial court noted that even if his claims were true, his use of force was
excessive.

When the
issue of self-defense is raised, the State has the burden of persuasion to
disprove self-defense.  See Saxton v.
State, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991); Manuel v. State,
981 S.W.2d 65, 68 (Tex. App.CFort
Worth 1998), aff=d, 994
S.W.2d 658 (Tex. Crim. App. 1999).  The
issue is whether the State proved, by a preponderance of the evidence, the
offense of assaultBfamily violence.  Manuel, 981 S.W.2d at 68.

A person
is justified in using force against another when and to the degree he
reasonably believes the force is immediately necessary to protect himself
against the other=s use or attempted use of
unlawful force.  See Tex. Penal
Code Ann. ' 9.31(a) (Vernon Supp.
2009).

Regarding
this ground for revocationCfamily
violence assaultCwe again conclude that a
preponderance of the evidence supports the trial court=s
decision.








We find
no abuse of discretion and therefore affirm the trial court=s order.

 

CHARLES BLEIL

JUSTICE

 

PANEL:  GARDNER and WALKER, JJ.;
and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: August 31, 2010











[1]See Tex. R. App. P. 47.4.