

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-265-CR

AARON CLARK WHAM                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Aaron Clark Wham appeals from the trial court's order revoking his community supervision. He attacks the legal and factual sufficiency of the evidence to show that he assaulted his wife and argues that the trial court abused its discretion by revoking his community supervision. We determine

---

[1] *See* Tex. R. App. P. 47.4.

that a preponderance of the evidence supports the trial court's ruling and that the trial court did not abuse its discretion. We affirm.

In his first two points of error, Appellant attacks the legal and factual sufficiency of the evidence to support the order of revocation. Such attacks are not appropriate for this review. Rather, we must determine whether a preponderance of the evidence supports the trial court's decision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The State alleged that Appellant violated the terms of his community supervision by failing to begin or complete his forty hours of community service and by committing the criminal offense of assault of his wife.

We review an order revoking community supervision under an abuse of discretion standard. *Id.* at 763; *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d

2

172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Cherry*, 215 S.W.3d at 919. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

Regarding completion of his hours of community service, Appellant's probation officer testified that Appellant had not completed any hours of his community service. This evidence was not contradicted. Thus, we find that a preponderance of the evidence supports the trial court's finding that Appellant failed to complete his community service. Proof of a violation of a condition of community supervision is sufficient to support the trial court's order of revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

Appellant does challenge the evidence supporting the trial court's finding that he violated his community supervision by committing a new criminal offense of physical assault on his wife causing bodily injury. Essentially, Appellant started drinking in the afternoon of New Year's Eve 2008. He went to a neighbor's residence where he continued drinking.

Appellant returned home New Year's Day between 2:00 and 2:30 a.m., drunk and stumbling. He argued with his wife, started yelling at his wife, and then "head-butted" her. After a further struggle she went to the hospital where

3

she received seven stitches above her eye. There, and later at the police station, she gave statements to the police.

Appellant said that when he got home in the morning, he and his wife argued, that she then grabbed his throat, and that he "head-butted" her to get her to let go. Responding to Appellant's claim of self-defense, the trial court noted that even if his claims were true, his use of force was excessive.

When the issue of self-defense is raised, the State has the burden of persuasion to disprove self-defense. *See Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991); *Manuel v. State*, 981 S.W.2d 65, 68 (Tex. App.—Fort Worth 1998), *aff'd*, 994 S.W.2d 658 (Tex. Crim. App. 1999). The issue is whether the State proved, by a preponderance of the evidence, the offense of assault–family violence. *Manuel*, 981 S.W.2d at 68.

A person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force. *See* Tex. Penal Code Ann. § 9.31(a) (Vernon Supp. 2009).

Regarding this ground for revocation—family violence assault—we again conclude that a preponderance of the evidence supports the trial court's decision.

We find no abuse of discretion and therefore affirm the trial court's order.


                                        CHARLES BLEIL
                                        JUSTICE

PANEL:  GARDNER and WALKER, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2010