**Opinion issued March 3, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00915-CR

———————————

**JOSE LUIS CARAPIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1390914**

---

## MEMORANDUM OPINION

On June 27, 2014, a jury convicted appellant, Jose Luis Carapia, of the felony

offense of aggravated assault with a deadly weapon[1] and assessed punishment at

---

[1]     *See* TEX. PENAL CODE ANN. § 22.02 (Vernon 2011).

confinement for four years and a fine of $1,000.00. The trial court suspended the sentence and placed appellant on community supervision for a period of six years. On January 6, 2015, the State moved to revoke appellant's community supervision, but later, representing that appellant had been "detained by immigration," moved to dismiss its motion. On October 2, 2015, the trial court signed an order of dismissal. Appellant filed pro se notices of appeal.

We lack jurisdiction over appellant's attempted appeal. Generally, a defendant has the right to appeal when his community supervision is revoked and sentence imposed. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp. 2015). Here, the record does not include an order revoking appellant's community supervision and assessing a sentence. Rather, the trial court granted the State's motion to dismiss its motion to revoke. To the extent that appellant attempts to appeal that order, we do not have jurisdiction over the appeal.

Further, we do not have jurisdiction over an appeal of the June 14, 2014 judgment of conviction. When placed on community supervision, a defendant may "appeal for a review of the conviction and punishment." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp. 2015). However, we cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP. P. 26.2(a); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The time for perfecting

2

an appeal from a judgment of conviction begins to run on the day that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a); *see Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Here, the trial court signed the judgment of conviction and suspended appellant's sentence on June 27, 2014. Because a motion for new trial was not filed, appellant's notice of appeal was due to be filed no later than July 28, 2014. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). Appellant's notices of appeal, filed on August 31 and October 9, 2015, were untimely to perfect an appeal of the June 27, 2014 judgment of conviction. *See Manuel v. State*, 981 S.W.2d 65, 67 (Tex. App.—Fort Worth 1998), *aff'd*, 994 S.W.2d 658 (Tex. Crim. App. 1999).

Accordingly, we dismiss the appeal for want of jurisdiction and dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Massengale, and Huddle.
Do not publish.   TEX. R. APP. P. 47.2(b).