

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00149-CR

LEWIS JAMES JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1470765R

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Fifteen months after "pleading down" two counts of sexual assault to one count of injury to a child and receiving deferred-adjudication community supervision,[1] Lewis James Jackson pled true, in Tarrant County,[2] to eight violations of the terms of his community supervision, had his guilt adjudicated on the underlying charge, and was sentenced to five years' imprisonment. In both his subsequent motion for new trial[3] and this appeal, Jackson has complained regarding only the underlying proceeding from which he received community supervision, not his subsequent adjudication or sentencing.

On appeal, Jackson complains in two points of error that the trial court abused its discretion by denying his motion for new trial and by failing to hold a hearing on his motion for new trial. Both arguments share Jackson's common assertion that his original plea was involuntary due to ineffective assistance of his trial counsel in the underlying proceeding. We dismiss this appeal for want of jurisdiction, because Jackson's complaints on appeal are untimely.

---

[1]In the underlying prosecution, a Tarrant County grand jury had charged Jackson with two counts of sexual assault. Pursuant to a plea agreement, Jackson had pled guilty to one count of injury to a child, *see* TEX. PENAL CODE ANN. § 22.04(a) (West Supp. 2018), and the trial court had deferred his adjudication of guilt and had placed him on community supervision for six years. *See* TEX. CODE CRIM. PROC. ANN. § 42A.101(a) (West 2018).

[2]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]Jackson's motion for new trial challenged his guilty plea entered when he was placed on deferred-adjudication community supervision. In his motion, Jackson alleged that his guilty plea was involuntary as a result of the ineffective assistance of his attorney, in that his attorney had failed to advise him that Jackson could not be convicted of injury to a child, since the victim was sixteen years old at the time of the offense. The offense of injury to a child applies only if the victim is fourteen years of age or younger. TEX. PENAL CODE ANN. § 22.04(a), (c)(1) (West Supp. 2018). Attached to the motion were uncertified copies of documents purporting to be the arrest warrant affidavit and police report related to this case. These documents indicated that the victim was sixteen at the time of the offense. The motion and attachments were not supported by an affidavit. The motion was overruled by operation of law.

In his first issue, Jackson argues that his trial attorney's ineffective assistance in not investigating and discovering the age of the victim, and not advising him that he could not be convicted of injury to a child, rendered his plea of guilty involuntary. In his second issue, Jackson argues that he was entitled to a hearing so he could put on evidence not appearing in the record of his trial attorney's ineffective assistance in advising him to plead guilty to the offense of injury to a child.

Both of Jackson's issues challenge the validity of the trial court's original deferred-adjudication order. Generally, "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding . . . only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). "Unless an order placing a defendant on deferred adjudication community supervision is void, that defendant may not raise issues related to the original plea proceeding—including voluntariness-related issues—in an appeal from a subsequent adjudication proceeding." *Robinson v. State*, Nos. 02-17-00054-CR, 02-17-00055-CR, 2018 WL 1095793, at *2 (Tex. App.—Fort Worth Mar. 1, 2018, no pet.) (mem. op., not designated for publication)[4] (citing *Nix v. State*, 65 S.W.3d 664, 667–69 (Tex. Crim. App. 2001) ("[A] judgment is void only in very rare situations—usually due to a lack of jurisdiction."); *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001); *Manuel*, 994 S.W.2d at 661–62)). An involuntary guilty plea does

---

[4]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

not render the resulting judgment void. *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001).

Since Jackson did not challenge the voluntariness of his guilty plea in an appeal from the original order placing him on deferred-adjudication community supervision, his appeal is untimely, and we must dismiss his appeal for want of jurisdiction. *Manuel v. State,* 981 S.W.2d 65, 67 (Tex. App.—Fort Worth 1998), *aff'd*, 994 S.W.2d 658 (Tex. Crim. App. 1999).

We dismiss this appeal for want of jurisdiction.

Josh R. Morriss III
Chief Justice

Date Submitted:     March 20, 2019
Date Decided:       April 2, 2019

Do Not Publish